UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FREEMON JORDAN SR.,

    Plaintiff,

  v.                                            CAUSE NO. 3:18-CV-510-DRL-MGG

RADATZ *et al.*,

    Defendants.

OPINION & ORDER

Plaintiff Freemon Jordan Sr. is incarcerated at the Indiana State Prison. He filed a complaint against nine prison officers, the Indiana Department of Correction, and the City of Michigan City. "A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Mr. Jordan is incarcerated, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id.*

Mr. Jordan alleges that he was held in segregation when, on March 25, 2018, several inmates ran into his cell and raped him. As this was happening, Mr. Jordan saw Defendant Officer West look into his cell and say, "Ten minutes." He then heard Sgt. Radatz yell, "Ten minutes." After that, the rapists ran out, carrying with them Mr. Jordan's property. These allegations state an Eight Amendment claim against Officer West and Sgt. Radatz for their alleged deliberate indifference to Mr. Jordan's safety. If Mr. Jordan's account is true, Officer West saw Mr. Jordan being raped and did nothing to protect him. A reasonable inference of "ten minutes" is that both officers were complicit in Mr. Jordan being raped, and at this stage Mr. Jordan must be given reasonable inferences. These allegations are

sufficient for the case against the two officers to proceed. *See Billman v. Indiana Dept. of Corr.*, 56 F.3d 785, 790 (7th Cir. 1995) ("Of course to be liable under the standard of *Farmer v. Brennan* [511 U.S. 825 (1994)] the guards would have had to be more than negligent—would, for example, have had to watch the rape in progress yet have done nothing to stop it though in a position to do so.").

However, Mr. Jordan hasn't stated a section 1983 claim for the theft of his property because Indiana maintains a meaningful post-deprivation remedy through the Indiana Tort Claims Act. *See Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (dismissing a prisoner's claim for loss of property when the guards allowed other prisoners to take his property because "the Indiana Tort Claims Act provides an adequate post deprivation remedy to redress claims like [plaintiff's]").

Furthermore, Mr. Jordan hasn't stated a valid claim against any other defendant. The Indiana Department of Correction is immune from suit. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) ("the Eleventh Amendment, which precludes a citizen from suing a state for money damages in federal court without the state's consent, bars [plaintiff's] claims against the Indiana State Prison and the Indiana Department of Corrections, both state agencies"). Next, apart from the fact that the Indiana State Prison is located in Michigan City, the complaint alleges no facts that suggest that the City of Michigan City is somehow liable to Mr. Jordan.

The claims against the remaining officers fare no better. Officer Wilson saw Mr. Jones in his cell during his patrol after the alleged rape. Mr. Jordan told him what happened, but he only smiled and said nothing. Insofar as Mr. Jordan wants to sue Officer Wilson for failure to investigate, there is no relief for such a claim. While prisons have a duty to protect inmates in their care, "the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened." *Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, 6 (S.D. Ill. Jan. 12, 2017) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *see also Lee v. Kennedy*, No. 19-CV-1277, 2019 WL 5196372, 1 (C.D. Ill. Oct. 15, 2019) ("Further, Plaintiff does not have a freestanding constitutional

2

right to the investigation into another's alleged wrongful activity.") (citing *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015)).

The same is true of Officers Craig, Burke, and Jonas. After the alleged rape, Mr. Jordan asked Officer Craig "to run back" the camera recording, but she told him she had no authority to do that. There is no other mention of Officer Craig in the complaint. Officer Burke's and Officer Jonas's involvement is limited to interviewing him after his complaints of being raped. Mr. Jordan also alleges that, after the interview, Officer Jonas talked to Officer Whalen in code and gestures that made Mr. Jordan think that they were placing a hit on him, but he does not allege that he was harmed by anyone as a result of this cryptic communication. None of these allegations state constitutional claims.

Mr. Jordan also sued Officer Gliniewicz who, several days after the alleged rape, said to him, "This is Karma." The court cannot conceive a legal theory under which Officer Gliniewicz could be liable for this to Mr. Jordan.

Finally, Mr. Jordan named in the caption of the complaint Officer Pannell but the complaint doesn't say what Officer Pannell allegedly did or did not do. Accordingly, Officer Pannell will be dismissed.

For these reasons, the Court:

(1) GRANTS Freemon Jordan Sr. leave to proceed on a claim for money damages against Officer West and Sgt. Radatz, in their individual capacities, for allegedly violating his rights under the Eight Amendment by being deliberately indifferent to Mr. Jordan when he was getting raped in his cell by other inmates on March 25, 2018;

(2) DISMISSES defendants Indiana Department of Corrections, Burke, Michigan City, Wilson, Craig, Pannell, Jonas, Whalen, and Gliniwicz;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer West and Sgt. Radatz with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant if he does not waive service and it has such information;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer West and Sgt. Radatz to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Jordan has been granted leave to proceed in this screening order;

SO ORDERED.

August 7, 2020                                        *s/ Damon R. Leichty*
                                                     Judge, United States District Court